ZEHMER, Judge.
National Freight, Inc. (National) appeals a final order of the Department of Trans *42 portation (D.O.T.) granting National one-year permits for 100 of its oversized trailers pursuant to section 316.550, Florida Statutes (1985). National contends D.O.T. erred in not granting three-year permits as National requested in its application. We reverse.
D.O.T. agrees that National’s original application requested three-year permits. A letter dated September 19,1985, from counsel for National requested renewal of its trailer permits, stating:
Please consider this to be National Freight’s application for a three-year permit for each listed trailer pursuant to Rule 14-26.08(l)(b), F.A.C. When the Department has notified us of its intention to issue the permits, National Freight will remit the balance of the renewal fee.
(R. 113) (emphasis in the original).
D.O.T. contends, however, that National effectively amended its application to request renewal for one year by subsequent correspondence between National and D.O.T., because the correspondence indicates that National’s permits had been issued on an annual basis and that National requested renewal “on the same basis.” The language in question appears in a letter to D.O.T. dated October 15,1985, which states in part:
After our telephone conversation on October 15, we felt that it would be helpful to break the trailers included in National Freight’s renewal application into two groups. The 23 trailers described on the enclosed list entitled “Group A” were all operating and registered in Florida as of December 1, 1982.... We trust that the Department has no problem with issuing National Freight three-year permits on these trailers....
The remaining [100] trailers, shown on the “Group B” list, were not registered in Florida as of December 1,1982. However, the Department originally took the position that these trailers would be permitted if National Freight could show that they had been ordered for use in Florida prior to December 1, 1982. This was established and the permits for these trailers were issued on October 16, 1983, and renewed on October 16, 1984. We are requesting that the Department renew these permits on the same basis. ...
(R. 116) (emphasis supplied). The hearing officer’s order, without specifying either a one-year or three-year period, recommended that National’s application be granted. D.O.T. adopted the recommended order, awarded three-year permits for the 23 trailers, but awarded the permits for 100 trailers for one year only.
The parties agree that the only issue on this appeal is whether National’s original application was amended by the October 15,1985 letter to request a one-year renewal.[1] We agree with National’s contention that its request that the permits be renewed on “the same basis” meant that the permits be approved because the trailers had been ordered for use in Florida prior to December 1, 1982, as had been previously determined, and not that its request for permits be amended to seek renewal for a one-year period rather than the three-year period.
At oral argument, counsel for the parties requested that the court rule on this narrow pleading issue as a matter of law and not remand for further proceedings. Accordingly, the appealed order is reversed and the case is remanded for entry of an order granting National’s application for three-year permits.
REVERSED.
ERVIN and WENTWORTH, JJ., concur.

. No issue concerning D.O.T.'s authority to grant the permit for less than three years under section 316.550 has been made on appeal, so the issue presented is strictly one of pleading.